IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-69,275-01






EX PARTE BOBBY L. BIFFEL, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. C-1-007000-0794248-A IN THE NO. 1 DISTRICT COURT


FROM TARRANT COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to 48 years' imprisonment. The Second Court of Appeals affirmed his conviction. Biffel
v. State, No. 2-01-478-CR (Tex. App. - Fort Worth, June 26, 2003, pet ref'd).

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel failed to investigate and question Jerry Biffel concerning whether he had been pressured by
prosecutors into making false statements implicating Applicant, especially a statement that Applicant
had admitted to him that he had something to do with the victim's death. Applicant asserts that he
had told counsel that Jerry Biffel was making false statements because the prosecutors had
threatened to prosecute him for murder if he did not. Applicant also asserts that the State should
have disclosed to counsel that Jerry Biffel was making false statements and testifying as the result
of a threat of prosecution.

 Counsel's first affidavit did not address this particular claim. However, Applicant has
alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466 U.S. 608 (1984);
Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these circumstances, additional
facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960),
the trial court is the appropriate forum for findings of fact. The trial court shall provide Applicant's
trial counsel with another opportunity to respond to this claim of ineffective assistance of counsel. 
The trial court shall also provide the State with another opportunity to discuss any information
helpful to resolving the question of whether Jerry Biffel's testimony was false and whether it was
the result of any threat of prosecution. The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: April 2, 2008

Do not publish